# MORSE v. UNITED STATES.

APPEAL AND ERROR; PARTIES; TRUSTS AND TRUSTEES; BONDS; ESTOPPEL.

1. Objections to the form of a proceeding are of no avail when made
   for the first time on appeal.

2. All interests in a suit to recover the proceeds of a sale of land may be
   represented by the life tenant and the remainderman, whose remain-
   der is subject to open and let in others, and to be devested by his
   death and the marriage of the life tenant.

3. The contingent interests in a fund held by a trustee for the benefit
   of a life tenant and the remainderman, whose remainder is subject
   to open and let in others, and to be devested by the death of the
   remainderman and marriage of the life tenant, cannot be asserted
   on appeal by the defendants, in an action by the life tenant and
   remainderman on the trustee's bond for misappropriating the fund,
   where the defendants suffered the case to go to the jury, without
   objection, on the theory that the plaintiffs could, if the evidence
   did not support the defense made, recover the entire fund, and the
   amount recovered does not exceed the defendants' legal liability.

4. The inclusion of interest from the date of default, on the amount award-
   ed a remainderman in an action by the life tenant and himself on
   the bond of the defaulting trustee of the fund which was the subject
   of their estate, is not subject to objection by the defendants, where
   they are liable for interest on the entire fund, although the remainder
   was subject to open and let in others, and to be devested by the
   remainderman's death and the marriage of the life tenant.

5. An erroneous apportionment as between a life tenant and a remainder-
   man of a fund, of the recovery in their action on the bond of the
   defaulting trustee of the fund, is not subject to objection by the
   defendants.

6. The objection that a party is estopped on the pleadings to assert a
   vital fact cannot be successfully interposed for the first time on
   appeal.

No. 2578.   Submitted December 9, 1913.   Decided January 5, 1914.

HEARING on an appeal by the defendant from a judgment of
the Supreme Court of the District of Columbia on verdict, in
an action on a bond.                              *Affirmed.*

The Court in the opinion stated the facts as follows:

This is an appeal from a judgment in the supreme court of the District in favor of Mattie McC. Hine and Robert E. Hine, appellees, plaintiffs below, the action being one in debt on a bond.

The use plaintiffs are respectively the widow and surviving child of Robert B. Hine, who died in 1895. By his will the decedent devised to his widow for life, remainder to an only child, Robert E. Hine, in fee. In the event of the remarriage of the widow during the son's lifetime, the will provides that she shall be entitled to one half only of the income, the residue going to the son. If such remarriage should take place after the son's death she would then be entitled to the whole income for life, and, upon her decease, the property to be sold and distributed to certain lineal and collateral relations of the decedent. The will was duly admitted to probate. Among the parcels of real estate devised was a dwelling house at 1712 L. street, N. W., in this city.

In March, 1899, Mrs. Hine filed a bill in equity, making her then infant son and those having contingent interests in the estate parties defendant, and praying that said house be sold for the advantage of all concerned. The decree was entered July 6, 1899, directing the sale of the property, and Thomas E. Waggaman was appointed trustee for that purpose, the decree requiring him to give a bond in the penalty of $18,000, conditioned for the faithful performance of his duties as such trustee. The bond was duly executed, with Daniel B. Clarke as surety. Mr. Waggaman sold the property for a net sum of $8,147.72, and the sale was ratified by a decree dated August 22, 1899. The money realized from this sale was not paid into court, but remained in the hands of the trustee. In August, 1904, Waggaman became bankrupt, and the fund was wholly lost. Up to that time he had paid Mrs. Hine interest on said net proceeds at the rate of 5 per cent per annum.

In February, 1905, the infant remainderman, upon petition, obtained a rule against Waggaman to make discovery of the

amount and disposition of the proceeds of said sale, and show cause why such proceeds should not be deposited in the registry of the court and subject to its further order. In his answer, under oath, Waggaman stated, in substance, that on August 31, 1899, he had rendered unto the life tenant, Mrs. Hine, a true account of the proceeds of said sale, and that on that day it had been agreed between Mrs. Hine and himself that he should retain the balance in his hands, and pay her interest thereon at the rate of 5 per cent per annum, payable quarterly, which interest he had paid down to May or August, 1904. To this answer no replication was filed. Some six months thereafter separate motions on behalf of the mother and son were interposed to compel Waggaman, "upon consideration of the answer" he had filed, to pay into the registry of the court said fund of $8,147.72, and on November 21, 1905, the court, "upon consideration of the said motions and of the said answer," entered a decree for such payment to be made, with legal interest, from August 1, 1904.

On March 5, 1906, this action of debt was brought in the court below, in the name of the United States for the use of Mrs. Hine and her then infant son. In the declaration two distinct breaches by Waggaman are assigned, first, his failure to pay the said sum into the registry of the court agreeably to said decree for sale passed in 1899, and, second, his failure to pay agreeably to said decree of November 21, 1905. Clarke alone appeared to this action, and, to each of the breaches assigned and as to each of the beneficial plaintiffs, interposed pleas which alleged the nullity of the proceedings in which the bond had been given. As to Mrs. Hine an additional plea was interposed, averring that after the proceeds of said sale had come into the hands and possession of Waggaman, Mrs. Hine, without the knowledge or consent of the surety, had agreed with Waggaman that he should retain in his possession and for his own purposes the fund in question, under the arrangement previously set forth, and that, prior to his adjudication as a bankrupt, Waggaman had appropriated this fund to his own use. To the plea alleging an arrangement with Waggaman for

the retention of the fund plaintiffs replied, joining issue. To the other pleas they demurred.

Mr. Clarke died in June, 1906, and his executors were made parties defendant in his stead. Judgment under the 73d rule was rendered against the executors in the court below, and on appeal to this court the judgment was reversed upon a ruling that the proceedings in which the bond was given and the bond itself were nullities. *Morse* v. *United States,* 29 App. D. C. 433. This rendered it unnecessary to consider the plea of release as to the interest of Mrs. Hine. The case went back, and judgment for defendants was entered upon the pleadings, which judgment was here affirmed as a matter of course. *United States ex rel. Hine* v. *Morse,* 31 App. D. C. 433. The case was then taken to the Supreme Court of the United States, where the judgment of affirmance was reversed as to the demurrer, and the cause remanded to have determined the issue of fact as to said arrangement between Mrs. Hine and Waggaman. The court said: "So much of the plea as sought to defend the action, in whole or in part, in consequence of the alleged agreement between the principal in the bond and Mrs. Hine, without the consent of the surety, *remains at issue undisposed of.*" (Italics ours.) *United States use of Hine* v. *Morse,* 218 U. S. 493, 512, 54 L. ed. 1123, 1130, 31 Sup. Ct. Rep. 37, 21 Ann. Cas. 782.

In the trial below, evidence was introduced that Mrs. Hine has not remarried; that she was then forty-six years of age and in good health; that her son Robert was born in 1889 and was in good health. Other evidence was introduced as to the present worth of Mrs. Hine's life interest and the remainder interest of her son. There was also evidence as to the alleged agreement between Mrs. Hine and Waggaman. Certain proposed instructions were submitted by the plaintiff, all of which were refused. The court then instructed the jury concerning the alleged agreement between Mrs. Hine and Waggaman, telling them that if they should find that such an agreement was entered into, "that would end the question of her right of recovery." Reference was then had to the will, and it was explained to the jury that

the use plaintiffs "can recover in this proceeding only that amount of money which measures the current value of their respective interests in the fund, and when they do recover that it will be theirs for all the future, absolutely; each one can recover only the present value of his or her estate of this sum of $8,147.72." The jury were instructed that after having determined the value of the two interests they should compute interest thereon from the first day of August, 1904.

To the charge of the court a single exception was noted by the defendants, and that was confined to the right of the son to receive interest from the time of Waggaman's default. The jury returned a verdict in favor of Mrs. Hine for $3,055.38, with interest of $1,527.69, and in favor of the son for $5,092.-34, with interest of $2,546.17. Thereupon motion for a new trial was filed and overruled, and judgment entered upon the verdict.

*Mr. John Selden, Mr. Nathaniel Wilson,* and *Mr. Paul E. Lesh* for the appellants.

*Mr. William H. Robeson* and *Mr. Charles A. Keigwin* for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

The defendants have never questioned the form of this proceeding, and, of course, it is too late to do so now. Mrs. Hine having a life interest in said fund, the son a vested remainder, "subject to open and let in testator's brothers and sisters and to be devested upon the death of Robert E. Hine and remarriage of the life tenant" (*United States use of Hine* v. *Morse,* 218 U. S. 504, 54 L. ed. 1127, 31 Sup. Ct. Rep. 37), they were proper parties to act for all interests in the suit for the recovery of the fund, since "parties are sufficiently made when the holder of the first vested estate of inheritance is reached and included." Story, Eq. Pl. sec. 145. When, therefore, the jury determined that no agreement for the retention of

the fund existed between Mrs. Hine and Waggaman, plaintiffs were entitled to a verdict for the entire fund, with interest thereon from the day of its conversion. Such was the theory of the declaration, for it is therein averred that the defendants "have not paid, nor has either of them paid, the said sum or any part thereof into registry of the said court, or to any officer of the said court, or to any other person authorized to receive the same." Had the verdict and judgment been in that form, there would have been no room for the complaint which the defendants now make, to the effect that the contingent interests remain outstanding. The case, however, was submitted to the jury upon a different theory, and with the acquiescence of the defendants. There was competent evidence before the jury on the question of the present worth of Mrs. Hine's interest and the remainder interest of her son, and, because the jury in its computation evidently considered the interest of the contingent remaindermen negligible, we do not think the defendants may now complain. Evidently they acquiesced in the theory upon which the case was submitted to the jury, in the hope that they would thereby escape payment of a part of the fund. The verdict of the jury being in the aggregate no greater than their legal liability, they cannot now be permitted to raise any question as to the contingent remaindermen. They took their chances, and must abide the result.

It is immaterial that interest was figured on two sums aggregating the amount of the fund, since the recovery should have been for that fund, with interest. Nor does it now concern the defendants that the life tenant has been given too much and the remainderman too little, or *vice versa.*

The point is made in the defendants' brief that a bar appears on the record to the entry of judgment in favor of Mrs. Hine. Without going into details, it is sufficient to say that it is contended that on the pleadings Mrs. Hine was estopped to deny said alleged arrangement between her and Waggaman. No such contention has heretofore been made, and it is now too late, after this issue of fact was submitted to and determined by the jury, to raise the question.

The judgment is affirmed, with costs.           *Affirmed.*